UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LESLIE WILLIAMS,<br>　　　　Plaintiff, | : | CASE NO. 3:14-cv-1181 (VAB) |
| v. | : | |
| WALTER FORD, et al.,<br>　　　　Defendants. | : | JANUARY 30, 2017 |

**ORDER RE EXHAUSTION**

　　　　Plaintiff, Leslie Williams, currently incarcerated, has filed this action *pro se* under 42 U.S.C. § 1983.  After this Court granted in part Defendants' Motion to Dismiss, his remaining claims are for retaliation, denial of due process, unconstitutional conditions of confinement, and excessive punishment.  Order Granting in Part and Denying in Part Mot. to Dismiss, ECF No. 34 at 20.  All of his claims arise from his confinement in restrictive housing for twenty-two days after giving a drawing and poem to a Correctional Officer.  Defendants have moved for summary judgment on all remaining claims.

　　　　The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), imposes a requirement that inmates exhaust their administrative remedies before filing an action in federal court concerning any aspect of prison life.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Section 1997e requires exhaustion of any available administrative remedies, regardless of whether they provide the relief the inmate seeks.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001).  A claim is not exhausted until the inmate complies with all administrative deadlines and procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90

(2006). Informal efforts to put prison officials on notice of inmate concerns do not satisfy the exhaustion requirement. *See Marcias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007). If the deadline to file a grievance about an issue has passed, claims concerning that issue are unexhausted and barred from federal court. *See Woodford*, 548 U.S. at 95. In addition, the inmate must exhaust his administrative remedies for each claim he asserts in federal court. *See Baldwin v. Arnone*, No. 3:12cv243(JCH), 2013 WL 628660, at *5 (D. Conn. Feb. 18, 2013).

An inmate may be excused from the exhaustion requirement only if administrative remedies were not in fact available. *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1858 (2016). In *Ross*, the Supreme Court identified three circumstances where an administrative remedy, although officially available, cannot be used by inmates to obtain relief. *Id.* at 1859. First, the administrative remedy process may operate as a "dead end" where the office to which inmates are directed to submit all grievances disclaims the ability to consider them. *Id.* Second, the procedures may be so confusing that no ordinary prisoner could be expected to "discern or navigate" their requirements. *Id.* And third, prison officials may "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

Courts require inmates to take advantage of each step of an administrative appeal procedure in order to exhaust their administrative remedies. *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) ("[G]rievances must now be fully pursued prior to filing a complaint in federal court."); *Houston v. Cty. of Westchester Dep't of Corr.*, 2006 U.S. Dist. LEXIS 89051, at *4-5 (S.D.N.Y. Dec. 5, 2006) ("It is well established that to exhaust a prisoner must grieve his complaint about prison conditions up through the highest level of administrative review").

An inmate at a Connecticut Department of Correction facility who wishes to file a grievance must follow the procedure established in Connecticut Department of Correction Administrative Directive 9.6 ("Directive").  *See* Defs.' Mem. Ex. 4, Attachment A, ECF No. 47-7 at 6-18.  Under the Directive, full administrative review generally occurs in three steps.  First, an inmate must seek to resolve his or her complaint informally by depositing an Inmate Request Form (CN 9601) in a designated collection box.  If the inmate is dissatisfied with the response to his or her Inmate Request Form or does not receive a response within fifteen days, the inmate may proceed to the second step, which is termed "Level One Review."  To initiate Level One Review, an inmate completes the Inmate Administrative Remedy Form (CN 9602).  At this point, the inmate is required to provide evidence that he or she attempted to informally resolve his or her grievance by attaching the Inmate Request Form (CN 9601) to CN 9602.  *Id.* at 9.6(6)(C). The inmate also has the option of submitting CN 9602 without attaching CN 9601 and providing a "valid reason" why he or she could not obtain the form. *Id.*  Level One Review is undertaken by the Unit Administrator, who must respond to the grievance in writing within thirty days.  *Id.* at 8.  An inmate may proceed to the third step, Level Two Review, if he or she disagrees with the Unit Administrator's judgment or does not receive a timely response.  *Id.* at 9.6(6)(K).  Generally, Level Two Review takes place before a District Administrator.  The Administrator's response, which must be delivered in writing within 30 business days of the receipt of the appeal, must include a statement saying whether the grievance was upheld or compromised or was denied or rejected.  *Id.*  Level Three appeals are restricted to challenges to department policy or the integrity of the grievance procedure and to appeals of Level Two grievances to which the District Administrator has failed to respond in a timely manner.  *See id.* at 9.6(6)(L).

Defendants move for summary judgment on one of the remaining claims on the ground that Mr.

3

Williams failed to exhaust his administrative remedies. In support of their argument, Defendants have submitted a copy of the grievance and appeal filed regarding the issues in this case. *See* Defs.' Mem. Ex. 4, Attachment B, ECF No. 47-7 at 20-24. In the grievance, Mr. Williams challenges the duration of his stay in restrictive housing and the conditions of the cell. He argues that the length of time was too long for the alleged investigation and he was not provided required reviews of his status. Mr. Williams also contends that he was sent to restrictive housing in retaliation for showing his drawing and poem to defendant Beaulieu. The grievance was denied and Mr. Williams appealed the denial. *Id.* at 23. Mr. Williams attached a statement to the grievance appeal form stating that he is appealing the length of time he was held on Administrative Detention status and the fact that procedures for review of his detention were not followed. Mr. Williams concedes that he was wrong to attempt to convert his professional relationship with defendant Beaulieu to a personal one and decries the loss of his prison job. *Id.* at 21.

The District Administrator received Mr. Williams' appeal form on April 3, 2013 but, citing an "administrative error," did not respond until March 17, 2014. Defs.' Mem. Ex. 4, Att. B, 20. The response focused on the placement and duration of Mr. Williams' restrictive status, and concluded that: "your placement/duration of restrictive status may not have been followed in accordance with Administrative Directive 9.4 Restrictive Status." *Id.* at 20. The Administrator added that "Warden Farrell has been directed to have all appropriate staff review the AD 9.4 to ensure further compliance with Department policy" and formally concluded that the appeal was "compromised." *Id.*[1] The Level

---

[1] The Administrative Directive notes that when a grievances or request for remedy is "compromised," "the application for administrative remedy has sufficient merit that some modification of the existing decision is warranted." *Id.* at 3(C). Because prison officials did not reach this conclusion until March 2014, over a year after Mr. Williams was released from the RHU, it is unclear how defendants could have resolved his grievance. See L. R. 56(a) Stmts. at 33 (noting that Plaintiff

4

2 reviewer indicated that Mr. Williams could appeal the disposition to Level 3.  *Id*. at 20.  Neither party presents evidence of a Level 3 appeal.

Mr. Williams did not reference the conditions in the restrictive housing cell in his statement of reasons for the appeal.  In addition, he stated that he was not appealing the fact that he was sent to restrictive housing.  Thus, it appears that he has not exhausted his administrative remedies on the retaliation or conditions claims.

Exhaustion requires an inmate to comply with all administrative procedures.  *See Woodford*, 548 U.S. at 90.  Accordingly, the parties are directed to submit supplemental briefing addressing whether Mr. Williams has exhausted his administrative remedies with regard to any of the remaining claims, including whether he appealed the Prison's decision that his Level 2 grievance was "compromised."  The parties shall file their briefs on or before **March 3, 2017.**

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of January, 2017.

      /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

was released from RHU on February 28, 2013).