UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LESLIE WILLIAMS<br>    Plaintiff,<br><br>v.<br><br>WALTER FORD, et al.,<br>    Defendants | No. 3:14-cv-01181 (VAB) |

**RULING ON PENDING MOTIONS FOR RECONSIDERATION**

Plaintiff Leslie Williams filed this action *pro se* under 42 U.S.C. §1983, alleging violations of his constitutional rights in relation to his placement in Administrative Segregation. Earlier, this Court granted in part and denied in part Defendants' motion for summary judgment, holding that this case will proceed to trial on the due process claim against Defendants Roche and Green based on the duration of Mr. Williams' stay in Administrative Detention and the lack of review, and dismissing other claims and defendants.

Both parties now move for reconsideration of the Court's order. For the reasons stated below, both motions are **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Factual Allegations[1]**

Serving a life sentence and currently confined in the custody of the Connecticut Department of Corrections, Defs. L. R. 56(a) Stmt. ¶¶ 1-2, ECF No. 47-2, Mr. Williams alleges

---

[1] The Court detailed the factual allegations in greater length in its Ruling On Defendants' Cross Motion for Summary Judgment ("Summ. J. Ruling"), ECF No. 57. That discussion is incorporated here by reference.

1

that Defendants violated his constitutional rights when he was placed in Administrative Segregation, after he allegedly handed a drawing and love poem to a nurse. *Id.* ¶¶ 7, 20.

Administrative Segregation is a restrictive status, appropriate "[f]or the investigation of an allegation or information involving the inmate in the commission of a crime, or of activities jeopardizing the security of the facility or the safety of staff or inmates that could result in placement on punitive or administrative segregation or transfer to high security." *See* Conn. Dep't of Corr. Admin. Directive 9.4(3)(B)(2), effective June 16, 2016. Under Department of Correction policies in place at the time, prison officials could authorize placement in Administrative Detention for up to fourteen days or pending a hearing. *See* Conn. Dep't of Corr. Admin. Directive 9.4, Att. B, effective June 16, 2016. Prison officials were supposed to conduct periodic reviews "every 72 hours by the Unit Administrator or designee . . . ." *Id.* Mr. Williams was placed in Administrative Segregation on February 7, 2013, where he remained until February 27, 2013. Defs.' L.R. 56(a) Stmt. ¶ 31.

B.   **Procedural History**

Mr. Williams filed the initial Complaint in this matter *pro se* on August 14, 2014. *See* Compl., ECF No. 1. He then filed an Amended Complaint, asserting sixteen federal and state law claims against Defendants. *See* Amend. Compl., ECF No. 8. Defendants then moved to dismiss. ECF No. 27.

The Court granted Defendants' motion in part and denied it in part. *See* Ruling on Defs. Mot. to Dismiss, ECF No. 34. The Court noted that several claims had previously been dismissed in its Initial Review Order, ECF No. 7. The Court granted the motion in part and dismissed several claims, but it allowed the case to proceed on Mr. Williams' procedural due process and retaliation claim against Defendants Roche, Green and Beaulieu, his claim of unconstitutional

conditions of confinement against Defendant Green, and his excessive punishment against Defendants Ford, Roche and Green. *Id.* at 20.

Defendants then moved for summary judgment. They argued that Mr. Williams failed to exhaust his institutional remedies, and that he had failed to state cognizable claims under the First, Eighth, or Fourteenth Amendments. See Summ. J. Ruling at 7. Mr. Williams filed a response. Pl. Resp., ECF No. 50.

Based on the issues raised in the Defendants' motion, the Court directed the parties to submit supplemental briefing addressing whether Mr. Williams "had exhausted his administrative remedies with regard to any of the remaining claims, including whether he appealed the Prison's decision that his Level 2 grievance was 'compromised.'" Order re: Exhaustion at 5, ECF No. 54. Defendants responded that Mr. Williams failed to exhaust his administrative remedies for his retaliation and conditions of confinement claims, which they had not previously addressed. Defs. Resp. to Court's Order re Exhaustion, ECF No. 55. Mr. Williams did not file a response.

The Court granted Defendants' motion for summary judgment in part, holding that Mr. Williams had failed to exhaust his First and Eighth Amendment claims, but that he had exhausted his due process claim. Summ. J. Ruling at 1. The Court also dismissed Defendants Beaulieu and Ford from the case. *Id*. at 15-16. The Court therefore concluded that "[t]he case will proceed to trial on the due process claim against Defendants Roche and Green based on the duration of Mr. Williams' stay in Administrative Detention and the lack of review." *Id*. at 18. The Court also granted Mr. Williams' motion for appointment of pro bono counsel. *Id*. 18-19.

Mr. Williams then filed an interlocutory appeal to the United States Court of Appeals for the Second Circuit. Notice of Interlocutory Appeal, ECF No. 58. Fifteen days after the ruling,

Defendants moved for the Court to reconsider its ruling with regard to exhaustion. Defs. Mot. for Reconsideration ("Defs. Mot."), ECF No. 60. The Second Circuit dismissed Mr. Williams's appeal as improper, Mandate, ECF No. 69, and Mr. Williams moved for reconsideration. Pl. Mot. for Reconsideration ("Pl. Mot."), ECF No. 68.

The Court appointed *pro bono* counsel for Mr. Williams, and ordered Plaintiff's counsel to "file a response to 60 Defendant's Motion for Reconsideration. Additionally, to the extent that Plaintiff's counsel feels it necessary, he may supplement the Motion for Reconsideration filed by his client. Filings due by 12/1/2017." Order, ECF No. 70. Counsel failed to file a response, withdrew, and new counsel was appointed. *See* ECF No. 74.

## II. STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995); *see also Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice") (internal citations omitted).

"[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Under Rule 7(c) of the District of Connecticut's Local Rules, a motion for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which relief is sought."

## III. DISCUSSION

On March 16, 2017, this Court granted in part and denied in part Defendants' motions for summary judgment. *See* Summ. J. Ruling at 1. Both parties now move for reconsideration. Defendants argue that Plaintiff failed to exhaust the one remaining due process claim in addition to the claims already dismissed by the Court. Defs. Mem. in Support, ("Def. Mem.") at 4, ECF No. 60-1. Plaintiff argues that he should be excused from the exhaustion requirement for his First and Eighth Amendment claims, which the Court dismissed, because the state's policy "thwarted" his ability to exhaust. Pl. Mot. at 4-6.

As a threshold matter, each motion is untimely.[2] *See* D. Conn. L. Civ. R. 7(c) (requiring motions for reconsideration to "be filed and served within seven (7) days of the filing of the decision or order from which relief is sought."). Nevertheless, the Court will address the merits. *See Palmer v. Sena*, 474 F.Supp.2d 353, 354 (D. Conn. 2007) ("A failure to timely file a motion for reconsideration may constitute sufficient grounds for denying the motion; however, courts have exercised their discretion to address even untimely motions.").

Both motions are denied.

### A. Defendants' Motion for Reconsideration

Defendants move for reconsideration, arguing that Mr. Williams failed to exhaust his procedural due process claim, in addition to the claims the Court ruled had not been exhausted. Def. Mem. at 1. They do not point to evidence the Court overlooked, or an intervening change of law. Instead, they "request reconsideration because the defendants were prejudiced due to the

---

[2] Defendants' motion was filed fifteen days after the Court's ruling. Plaintiff's motion was filed more than six months after the ruling, but he argues that the deadline should be tolled because he filed a notice of interlocutory appeal. Pl. Mot. at 1 n. 1. In any event, the notice of interlocutory appeal was filed twelve days after the Court's ruling, after the period for timely filing for a motion for reconsideration had expired.

5

vagueness of the plaintiff's *pro se* amended complaint" and "inadvertently neglected to apply their failure to exhaust administrative remedies argument to the plaintiff's cell conditions claim under the Fourteenth Amendment." *Id*. at 2.

It is, of course, well-settled within the Second Circuit that a "motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Motions for reconsideration are not "vehicle[s] for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Defendants' failure to advance argument that they could have advanced, even if the argument was "inadvertently neglected" is not a sufficient basis to grant this motion. *See Koehler v. Bank of Bermuda Ltd.*, No. M18-302, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) (Haight, J.) (denying motion for reconsideration because the party's "bland statement that this new material 'was inadvertently omitted' from their original brief . . . flies in the face of the cases governing motions for reconsideration."). Defendants' motion therefore is denied.

### B. Plaintiff's Motion For Reconsideration

Mr. Williams also moved for reconsideration. Pl. Mot. at 1. He argues reconsideration is appropriate on two grounds. First, he argues that he attempted to exhaust his First and Eighth Amendment claims, and was thwarted from doing so by the State of Connecticut's procedure. Pl. Mot. at 4. Second, he argues that the Court overlooked Plaintiff's evidence and erroneously dismissed Warden Ford from the lawsuit. PL. Mot. at 8.

First, the Court notes that Mr. Williams did not file a response to its order requesting briefing on exhaustion. Mr. Williams acknowledges this fact, but states that he was not able to

6

respond because he changed his address and never received the notice. Pl. Mot. at 2-3. The docket reflects, however, that the Clerk's Office sent Mr. Williams notice at the address on file, and it is Mr. Williams's responsibility to update the Court as to his current address. *See* Order Granting Motion for Leave to Proceed In Forma Pauperis, ECF No. 4 ("If you change your address at any time during the litigation of this case, Local rule 83.1(c)(2) provides that you must notify the court. Failure to do so can result in the dismissal of your case."). As addressed above, consideration of a new argument is inappropriate when considering a motion for reconsideration. *Analytical Surveys, Inc.*, 684 F.3d at 52.

Even if it were consider the motion, the Court would deny reconsideration. Mr. Williams appears to argue that — had he appealed his grievance on First and Eighth Amendment grounds — it would have been precluded because the State's grievance process forbids any "repetitive requests" prior to disposition on an initial request. Pl. Mot. at 4-8. But Mr. Williams had received a disposition of his initial request and, although the disposition did not address each of Mr. Williams's arguments, he was not barred from continuing to raise those grounds on his Level I appeal. The Court held that he failed to do so, and will not revisit that decision here. *See* Summ. J. Ruling at 9-10

Second, Mr. Williams argues that the Court overlooked evidence that showed Warden Ford was aware that Mr. Williams was being housed in Administrative Detention and therefore improperly dismissed the warden as a defendant. Pl. Mot. at 8-12. He argues that department policies required that Warden Ford receive notice of the Restrictive Housing Unit Status Order, and that Warden Ford was required to conduct periodic reviews of any inmate's placement in Administrative Detention. *Id.* at 9. He argues that Warden Ford was negligent and failed to fulfill his responsibilities under Department of Correction's policy and, further, that this omission could

7

serve to satisfy the personal involvement requirement. *Id.* at 11. At the very least, Mr. Williams argues, his involvement would be disputed and therefore inappropriate for summary judgment. *Id.*

The Court explicitly considered the policy directives that Mr. Williams cites. *See* Summ. J. Ruling at 4 (quoting directives requiring warden, or designee, to review detention decisions and requiring periodic review of that detention). Those policies explicitly allow Warden Ford to delegate review to other prison officials, and the evidence before the Court on summary judgment was that he had done so. *See* Ford Aff. ¶ 7, ECF No. 47-6 ("DOC Administrative Directive 9.4 states that the unit administrator (warden) or his designee conducts the 72 hour review. As warden, I delegated many responsibilities, including conducting the 72 hour reviews, to staff. The 72 hour review was typically done by a deputy warden or a captain."). The Court therefore held that the record did not support supervisory liability as to Warden Ford, and that his designees — Defendants Roche and Green — were the proper defendants. Summ. J. Ruling at 15-16, 18.

Mr. Williams may disagree with that decision, but parties are not permitted to relitigate issues on a motion for reconsideration. *Shrader*, 70 F.3d at 257. Mr. Williams's motion therefore is denied.

## IV. CONCLUSION

For the reasons discussed above, Defendants motion for reconsideration, ECF No. 60, and Plaintiff's motion for reconsideration, ECF No. 68, are **DENIED**.

As the Court previously noted, the case will proceed to trial on the due process claim against Defendants Roche and Green based on the duration of Mr. Williams' stay in Administrative Detention and the lack of review.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of March, 2018.

           /s/ Victor A. Bolden
      Victor A. Bolden
      United States District Judge